IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **JOHN L. GRAVLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0532 |
| | ) | |
| **TOM SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 5, 2009, Plaintiff, acting *pro se* and incarcerated at FCI Morgantown, filed his Complaint in the Northern District of West Virginia claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) In his Complaint, Plaintiff alleges that the conditions of his confinement at the Southern Regional Jail [SRJ] resulted in cruel and unusual punishment in violation of the Eighth Amendment. (Id.) Specifically, Plaintiff states as follows:

> I was housed in deplorable conditions in the Southern Regional Jail. While incarcerated there and awaiting sentencing on Federal charges, I was placed in a single-man cell with, at times, two or three of us in an one-man cell. That is unhealthy and was against my constitutional rights, 8th Amendment, Cruel and Unusual Punishment.

(Id., p. 3.) As relief, Plaintiff requests "two for one for every day that I was at the Southern Regional Jail at Beaver, WV." (Id.) By Order entered on May 12, 2009, United States Magistrate Judge James E. Seibert transfer the matter to this Court for further proceedings. (Document No. 5.)

**THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate

3

indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") Therefore, Plaintiff must allege and eventually establish a "sufficiently serious" deprivation of the conditions of their confinement resulting in "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

Plaintiff contends that prison conditions at SRJ were cruel and unusual because he was "housed in deplorable conditions" and "placed in a single-man cell with, at times, two or three" inmates.[2] (Document No. 1, p. 3.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with

---

[2] The Court notes that Plaintiff is currently incarcerated at FCI Morgantown.

a failure to issue blankets." Plaintiff's allegations do not rise to the level of an Eighth Amendment claim. Plaintiff does not claim that the above prison conditions amounted to a deprivation of a human necessity. See Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991)(plaintiff's allegations that the toilet in the cell did not work and continuously ran over causing the cell floor to stay filthy with waste stated an Eighth Amendment claim.) The conditions of confinement complained of by Plaintiff amount to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380; see also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); Shrader v. White, 761 F.2d 975 (4th Cir. 1985)(prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim);Ajaj v. United States, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); Oliver v. Powell, 250 F. Supp. 2d 593, 604 (E.D.Va. 2002)(prisoner's allegations that cell contained roaches, leaky toilets, and peeling paint did not state a claim under the Eighth Amendment). Furthermore, Plaintiff fails to allege significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of

confinement). Plaintiff merely makes a conclusory statement that the challenged conditions are "unhealthy" and "against my constitutional rights." Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

---

[3] Additionally, Plaintiff indicates that he did not fully exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. Plaintiff indicates that he did not exhaust his administrative remedies "[b]ecause [he] thought that it would interfere with [his] sentencing." (Document No. 1, p. 2.)

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: June 10, 2011.

R. Clarke VanDervort
United States Magistrate Judge